**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIE ATKINSON<br>7709 Verree Road<br>Philadelphia, PA 19111<br><br>Plaintiff,<br><br>v.<br><br>NORTHEAST BUILDING PRODUCTS, LLC<br>4280 Aramingo Avenue<br>Philadelphia, PA 19124<br><br>Defendant. | : | CIVIL ACTION<br><br>No.:______________________<br><br>**JURY TRIAL DEMANDED** |

**<u>CIVIL ACTION COMPLAINT</u>**

Marie Atkinson ("Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

**<u>INTRODUCTION</u>**

1. This action has been initiated by Plaintiff against Northeast Building Products, LLC ("Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" – 42 USC §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA")[1]. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**<u>JURISDICTION AND VENUE</u>**

2. This action is being initiated pursuant to federal laws and therefore, the United States District Court for the Eastern District of Pennsylvania has original subject matter

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. There lies supplemental jurisdiction over Plaintiff's state-law claims (such as pursued under the PHRA) because they arise out of the same nucleus of operative facts underlying Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Venue is further appropriate in this District as Defendant employed Plaintiff in this District and because the actions and/or omissions underlying this lawsuit occurred in this District.

6. Plaintiff is proceeding herein under the ADA and ADEA and has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and by filing the instant lawsuit within ninety (90) days of receiving a right to sue letter from the EEOC.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, who resides at the address set forth in the caption.

9. Defendant manufactures energy efficient windows and sliding doors.

10. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a 62-year-old woman.

13. Plaintiff was hired by Defendant in or about January 1990; and in total, she was employed by Defendant for approximately 36 years.

14. Plaintiff was a full-time employee until being terminated effective on or about November 18, 2025.

15. At the time of her termination, Plaintiff was working in the position of Senior Bookkeeper and was supervised by Controller, Robert Sink ("Sink" – age 60s).

16. In or about March 2025, Plaintiff was asked to train an entry level Bookkeeper, Natasha Perez ("Perez" – age 30s) on her job duties purportedly so Plaintiff could take on more accounting work or have someone to assist her as necessary.

17. Perez was an extremely hostile, disrespectful, and aggressive individual.

18. For example, Perez would throw temper tantrums, have emotional outbursts at work, and slam doors and drawers around the office.

19. Perez refused to listen to Plaintiff's instructions even though Plaintiff was her trainer and mentor. Plaintiff could not believe a relatively new employee would be so disrespectful to her.

20. Perez was also extremely hostile and abusive toward then-Controller, Jenkia Akers ("Akers" – 50s) as well.

21. Upon information and belief, Akers reported Perez's behavior to Defendant's Chief Financial Officer, Jamie Defranco ("Defranco").

22. Upon information and belief, Defranco discussed Perez's behavior with Perez, but nothing further was done to meaningfully address the issues or change Perez's behavior.

23. After Defranco spoke to Perez, Perez began to ignore Plaintiff even more and would talk negatively to other employees about Plaintiff.

24. When Perez received a negative performance review in or about March 2025, she got extremely angry and approached Plaintiff's desk on a daily basis to yell at her despite the fact that Plaintiff did not issue the performance review.

25. Plaintiff believes Perez had an animus towards people who were older than her. That is why she was so hostile toward Plaintiff and Akers, significantly older employees.

26. In or about the end of March 2025, Plaintiff complained to Sink and Defranco that she felt Perez was treating her so disrespectfully because of her age. It was unequivocally clear that Plaintiff was complaining of age discrimination, specifically referencing Perez had a problem with older people. However, nothing was done to meaningfully address Plaintiff's complaints.

27. In fact, when Plaintiff complained that she believed she was being treated poorly because of her age, instead of taking her concerns seriously or addressing them, Sink and Defranco simply told Plaintiff "don't let Perez get to you."

28. Plaintiff has a history of suffering from fibromyalgia, irritable bowel syndrome, and stomach and bladder spasms. Plaintiff has other medical problems and symptoms, but this is only intended to serve as a short summary of Plaintiff's health problems.

29. These aforesaid disabilities, at times, substantially limit Plaintiff's abilities to perform daily life functions and also impact bodily functions such as regulating her bowel and bladder. These aforesaid disabilities are exacerbated and worsened when Plaintiff experiences stress.

30. Plaintiff was experiencing such severe stress because of Perez's hostility and disrespect that her disabilities were worsening.

31. In or about May 2025 Plaintiff expressed to Sink and Defranco that she was experiencing severe stress because of Perez (whose misconduct was not abating) and because she felt like Defendant had utterly failed to take any meaningful remedial action. Importantly, Plaintiff also reiterated her health problems, mentioned her disabilities, and explained that by Defendant's failing to remedy Perez's misconduct - - it was exacerbating her disabilities and that she needed to attend a medical appointment to treat the same.

32. Plaintiff continued seeking medical treatment and informing Defendant of the same throughout the summer and fall of 2025.

33. Throughout the summer and fall of 2025 Plaintiff also raised repeated concerns to Defranco and Sink about Perez's behavior, that it was age-based discrimination and that all of this was exacerbating her disabilities.

34. Each time Plaintiff complained about age discrimination or worsening health problems, Defranco and Sink told Plaintiff basically to "let it go," deal with it, try to get along, you have to learn to work together, and other iterations of such commentary.

35. In or about October 2025, Plaintiff escalated her concerns about age discrimination, Perez's mistreatment of her because of her age, and the exacerbation of her disabilities to Human Resources Director, Jeff Ruser ("Ruser"). Plaintiff explained that Sink and Defranco knew Perez was mistreating her because of her age and that it was impacting her disabilities but did nothing to address it. In response, Ruser told Plaintiff to "take a walk" whenever Perez bothered her.

36. Thereafter, on or about November 18, 2025, Plaintiff was informed by Defranco and Ruser that they were investigating her based on an incorrect transfer and attribution to an invoice in the amount of $1,900.00 from roughly two (2) years prior.

37. The next day, on or about November 19, 2025, Plaintiff was informed the investigation was complete and she was terminated because the $1,900.00 was attributed to the wrong invoice.

38. Plaintiff asked for information about the investigation but was informed it was "confidential."

39. After 36 years of successful employment and tremendous contributions with Defendant (as well as tireless dedication), Plaintiff was terminated (after months of complaining about age discrimination and dialogue about her progressively worsening disabilities) for an alleged minor mistake purportedly made years earlier.

40. In Plaintiff's 36-year career, she is aware of other employees engaging in impropriety, making mistakes, or engaging in disciplinary or terminable actions. Yet, such employees were not terminated unlike her. In fact, Perez was not terminated despite repeated actions of misconduct (warranting immediate termination).

41. Upon information and belief, Perez assumed Plaintiff's primary duties after her termination.

42. Plaintiff therefore believes and avers that she was really terminated by Defendant because of her age, complaints of age discrimination, and because she notified Defendant of her worsening disabilities (as well as seeking redress as an accommodation to lessen exacerbation of her disabilities).

**COUNT I**
**Age Discrimination in Employment Act ("ADEA")**
**([1] Age Discrimination; and [2] Retaliation)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. During Plaintiff's employment with Defendant, she was subjected to discrimination through disparate treatment because of her age.

45. Plaintiff complained on many occasions that she was being treated poorly because of her age and that she felt Defendant was trying to get rid of her because of her age by not undertaking remedial action(s).

46. Plaintiff's complaints went completely unaddressed in any meaningful or business-appropriate manner.

47. Plaintiff was then terminated in close temporal proximity to her later complaints of age discrimination and she was replaced by a much younger (less experienced and less qualified) individual.

48. Plaintiff believes and therefore avers that she was terminated from her position with Defendants because of her age and complaints of age discrimination.

49. These actions constitute unlawful age discrimination and retaliation under the ADEA.

**COUNT II**
**Americans with Disabilities Act ("ADA")**
**(Disability Discrimination & Retaliation)**

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff suffers from qualifying health conditions under the ADA which affect her ability (at times) to perform some daily life activities.

52. Plaintiff kept Defendant's management and HR informed of her serious medical conditions and need for medical treatment.

53. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant.

54. Plaintiff was then terminated in close temporal proximity to informing Defendant of her exacerbated disabilities and need to seek medical treatments, as well as following her requests that action be taken to curb hostility to lessen exacerbation (a medical accommodation request).

55. Plaintiff believes and therefore avers that her disabilities and accommodation requests were motivating and/or determinative factors in the termination of her employment by Defendant.

56. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.

Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination or retaliation at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 21, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Marie Atkinson | : | CIVIL ACTION |
| v. | : | |
| Northeast Building Products, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 10/21/2026 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

ATKINSON, MARIE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

NORTHEAST BUILDING PRODUCTS, LLC

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 10/21/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______